JUDGE ROBERTSON
delivered the opinion op tiie court:
The following facts, fortified by others more minute, conduce strongly to sustain the judgment vacating the deed of trust to Pettibone, for the use of the wife and children of H. W. Hieronymous, as fraudulent against the latter’s creditors, and subjecting the property to sale for their benefit:
1. The insolvency of H. W. Hieronymous when Pass-more’s trustees sold the house and lot, and the fact that D. C. Hieronymous bought them in his own name, and ostensibly for himself, but, as confessed, for the benefit of H. W. Hieronymous.
2. Pettibone, the brother-in-law of H. W. Hieronymous, was associated with him in gambling, and, while so associated at Orleans, sent a check for three thousand dollars to D. C. Hieronymous for the purpose of paying him about seven hundred and fifty dollars he had advanced on his contract of purchase, and of refunding to Thompson what he had paid to the use of H. W. Hieronymous on the same property, and of appropriating the balance to *510 the support of H. W. Hieronymous' family. This squints of collusion, and does not look like a gift by Pettibone, and the more especially as he seems to have looked to H. W. Hieronymous for reimbursement.
The fact that this suit was not brought until the expiration of more than five years after the date of the fraudulent conveyance, could not operate as a bar to the relief sought and adjudged, because, even if the statute would apply to such a proceeding by the creditors of one of the parties to the fraud, it would not be available unless pleaded ; and none of the parties have even alluded to it in the pleadings in this case. Had it been pleaded, it would have been unavailing, unless more than five years had elapsed from the discovery of the fraud. As time never operates as a statutory bar unless relied on by plea, the plaintiff in the action need not anticipate such plea, and state facts to show that there can be no such bar; and, consequently, the non-statement in the petition of any such fact is not an admission of the bar, nor even available on demurrer.
It seems to this court that the judgment was authorized by the law and the facts, and we cannot reverse it.
Wherefore, the judgment is affirmed.
The failure to enter credit for the payments of twenty dollars and of forty dollars, indorsed on the note to May-hall for five hundred dollars and admitted by her petition, was a clerical misprision, correctable by the circuit court, and not revisable by this court.